■ BERTRAM GLANZMAN, Appellant, v BRADLEY FISCHMAN, Respondent.—In an action for an accounting upon the dissolution of a partnership, the plaintiff appeals (1) as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Kelly, J.), entered May 1, 1985, as determined the amount of office expenses without directing a hearing, (2) from an order of the same court (Kelly, J), entered May 15, 1985, which, upon an ex parte application, directed the entry of a money judgment in favor of the defendant and granted the defendant exclusive use and occupancy of the partnership's business premises; and (3) as limited by his brief, from stated portions of an order of the same court (Roncallo, J.), dated November 21, 1985, which, *inter alia,* denied the plaintiff's motion to vacate the order entered May 15, 1985.

Appeal from the order entered May 15, 1985, dismissed. No appeal lies from an order made upon ex parte application (CPLR 5701 [a] [2]). The issues raised on appeal from this order are brought up for review and have been considered on

the appeal from the order dated November 21, 1985 (CPLR 5701 [a] [3]).

Orders entered May 1, 1985, and dated November 21, 1985, affirmed insofar as appealed from.

The defendant is awarded one bill of costs.

The plaintiff contends that Special Term erred in setting forth a figure for office expenses without directing a hearing as to the proper amount. In general, however, motions are decided upon affidavits alone (2A Weinstein-Korn-Miller, NY Civ Prac ¶ 2218.01). The plaintiff failed to raise any factual issue to dispute the amounts for office expenses claimed by the defendant. Therefore, no hearing was required.

In moving to set aside the ex parte order entered May 15, 1985, which, *inter alia,* directed entry of a money judgment, the plaintiff claims that the order improperly granted relief which had not been granted in the order entered May 1, 1985, upon which the ex parte order was based. Although the plaintiff contends the order entered May 1, 1985, was ambiguous, he did not seek to have it resettled at any time. Furthermore, the order entered May 15, 1985, issued by the same court which issued the order entered May 1, 1985, resolved any ambiguity by stating that the prior order granted both branches of the defendant's motion.

The plaintiff's remaining contentions have been considered and have been found to be without merit. Niehoff, J. P., Rubin, Eiber and Kooper, JJ., concur.